**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GREGORY MARTIN WALKER** | § | |
| | § | |
| **V.** | § | **A-16-CV-465-LY** |
| | § | |
| **CHERON Y. NASH, WARDEN,** | § | |
| **FCI BASTROP, TEXAS** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Gregory Martin Walker's Petition for Writ of Habeas Corpus filed on April 12, 2016 (Dkt. No. 1); Warden Cheron Nash's Response to the Petition for Writ of Habeas Corpus, filed July 14, 2016 (Dkt. No. 8); and Walker's Reply filed August 1, 2016 (Dkt. No. 9). The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

Petitioner Gregory Martin Walker, is serving a 70-month term of imprisonment for Wire Fraud. He is currently confined at FCI Bastrop in Bastrop, Texas. His projected release date, including potential good-time credit, is May 12, 2018. Walker complains that he is entitled to immediate placement in a Residential Reentry Center (RRC) or home confinement since he has satisfied the requirements of 18 U.S.C. § 3621(e)(2)(A), the Residential Drug Abuse Program

(RDAP).  He cites *Toole v. Krueger*, 2012 WL 6621681 (D. Minn. Dec. 19, 2012), in support. For the reasons set forth below, the Court finds that Walker's contentions are without merit.

## II. ANALYSIS

### A.     Failure to exhaust administrative remedies

The record shows that Walker failed to exhaust his administrative remedies. The BOP has a three-tiered administrative remedy program. 28 C.F.R. §§ 542.10 – 542.19 (2016). A federal prisoner must "exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see Mascitti v. Thaler*, No. 10-40391, 2011 WL 756149, at \*2 (5th Cir. Mar. 3, 2011). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (citation omitted). The petitioner bears the burden of showing the futility of exhaustion. *Id.* Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. *See id.* Walker does not meet that burden.

While incarcerated at FCI Bastrop, Walker was evaluated by BOP staff for placement into a Residential Re-Entry Center, pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199 (April 9, 2008). The BOP's review of Walker's viability for RRC placement began approximately 22 months prior to his release. The BOP staff ultimately determined that Walker should be placed in the RRC for a period of 12 months, which is the maximum allowable time under the Act. The recommendations by the BOP staff were forwarded to, and subsequently affirmed by, Warden Nash on March 9, 2016.

On February 18, 2016, while BOP staff was evaluating Walker for RRC placement, Walker submitted a Request for Administrative Remedy. Walker sought immediate placement into an RRC or home confinement, which would result in placement into an RRC for greater than 12 months. On March 9, 2016, Walker's Request for Administrative Remedy was reviewed by Warden Nash simultaneously with recommendations from BOP staff regarding Walker's RRC placement. Warden Nash recommended Walker receive RRC placement for 12 months.

On March 23, 2016, Walker's appeal of Warden Nash's decision was received by the BOP Regional Office. The BOP Regional Office concluded Warden Nash acted appropriately in referring Walker for RRC placement for 12 months. On May 16, 2016, Walker appealed this decision to the Office of General Counsel. On June 9, 2016, OGC rejected Walker's appeal for failing to forward all of the necessary documents. Walker was instructed to re-submit a complete appeal within 15 days, which Walker failed to do. Because Walker failed to submit the proper documentation as required, the OGC never addressed the merits of his claim. In his Reply, Walker submits that he has filed the required paperwork with the OGC which was received on July 5, 2016. Walker does not state whether he has received a final determination of the merits of his claim from the OGC.

In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court explained that exhaustion of administrative remedies must be done "properly," which means going through all steps that the agency holds out, obeying all directions, and adhering to all deadlines set by the administrative rules. *Id.* at 90; *see Graham v. Snyder*, 68 Fed. Apex. 589, 590 (6th Cir. 2003) (discussing administrative exhaustion relative to a § 2241 petition). In this case, Walker failed to file the documents the OGC directed him to file, thereby failing to exhaust his administrative remedies. His late filing of those documents does not meet the exhaustion requirement, because the record does not reflect that he has

received a final determination on the merits from the OGC. Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Raved v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Moreover, it allows the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. *Woodford*, 548 U.S. at 89. Because he filed suit prior to the exhaustion of his administrative remedies, even if he has exhausted them now, Walker's suit is premature. *See Embro v. Norris*, 2016 WL 3820442, at *6 (E.D. Ky. July 12, 2016) (holding that prisoner must fully exhaust his administrative remedies before filing suit).

Walker argues that exhaustion of his administrative remedies is futile because the BOP has predetermined the issue and "continues to ignore precedent case law" established in *Toole v. Krueger*, 2012 WL 6621681 (D. Minn. Dec. 19, 2012). In *Toole*, a former state court judge serving a 30-month term of imprisonment argued that after completing all three phases of the Residential Drug Abuse Program, pursuant to 18 U.S.C. § 3621(e)(2), the BOP had the authority to immediately place him in a home confinement program. That court found that the BOP had the ***authority*** to place Toole, who was less than twelve months away from completion of his sentence, in a home confinement program after his completion of RDAP and ordered the BOP to consider whether Toole should be placed on immediate home confinement.

Walker has failed to show that the BOP "ignored" the holding in *Toole* in any way. He fails to point out any prior instance where an inmate has argued to the BOP that he is entitled to an immediate review of his eligibility for RRC or home confinement as outlined by *Toole*. Instead, Walker argues that his appeal to the Office of the General Counsel is futile because he failed to prevail on his earlier administrative requests for relief. This is insufficient to establish the futility

4

exception to the exhaustion requirement. "The mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *Herman v. Wended,* 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004); *see Rifkin v. Tame*, 351 F. App'x 876, 877–78 (5th Cir. 2009) (per curiam) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies). Walker's petition is properly dismissed for failure to exhaust his administrative remedies.

### B.    Walker's claim lacks merit

Even if Walker had exhausted his administrative remedies before bringing this lawsuit, the petition fails to state a valid claim for habeas corpus relief. Walker argues that pursuant to the holding in *Toole v. Krueger*, 2012 WL 6621681 (D. Minn. Dec. 19, 2012), the BOP must acknowledge that it has the "'authority' although not the 'obligation'" to consider him for immediate placement in an RRC or home confinement since he has completed RDAP.

Section 3624(c)(1) governs pre-release RRC placements. The Second Chance Act amended 18 U.S.C. § 3624(c). The Second Chance Act permits the BOP to consider placing inmates nearing the end of their sentences in pre-release community confinement. 18 U.S.C. § 3624(c). This may include placement in a community correctional facility, such as an RRC, or in home detention. 18 U.S.C. § 3624(c)(1), (2); 28 C.F.R. § 570.20. The statute provides that placement in pre-release custody is "not to exceed 12 months." 18 U.S.C. § 3624(c)(1). Further, placement in home detention can be for only 10 percent of the inmate's term of imprisonment or 6 months, whichever is shorter. 18 U.S.C. § 3624(c)(2); 28 C.F.R. § 570.21. "The 6 months of home confinement is not additional to the 12 months of prerelease custody." *Guess v. Werlinger*, 421 Fed. Apex. 215, 217 (3d Cir. 2011) (unpublished). Rather, the statute plainly authorizes a maximum of twelve months pre-release

custody, either to an RRC, or a combination of RRC and home confinement. 18 U.S.C. § 3624(c). The statute also requires the BOP to assess prisoners for placement in various facilities on an individual basis consistent with five factors set forth in 18 U.S.C. § 3621(b). Those factors are:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission. . . .

18 U.S.C. § 3621(b).  Importantly, the statute only requires the BOP to *consider* placing an inmate in an RRC for up to twelve-months or in home confinement for up to six months.  It does not require that such a placement be made.  *See Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009).  The record reflects that the BOP considered the required factors and recommended that Walker receive 12 months of RRC placement. Nothing in the Second Chance Act or § 3621(b) automatically entitles a prisoner to placement in an RRC or home confinement.  *See Creager v. Chapman*, No. 4:09-713, 2010 WL 1062610, at *3 (N.D. Tex. March 22, 2010) (citing various cases).

Walker does not allege that the BOP has failed or refused to evaluate him for placement in an RRC or home confinement; indeed it considered him, and approved 12 months of placement. Instead, he argues that he is eligible for immediate placement, even though his release date is more than 12 months away.  Relying on *Toole*, he argues that the BOP must consider him for immediate release to RRC or home confinement upon completion of RDAP, even if release would exceed the twelve month limitation in § 3624(c)(2).  This, however, is not the law.  Further, *Toole* is an

6

unpublished case from a district court in Minnesota, that has never been cited by another court, and is not binding on this court.[1]  Walker has presented no Fifth Circuit cases stating that the time frames set forth in 18 U.S.C. § 3624 are not binding on the BOP.

Even the holding of *Toole* does not support Walker's argument.  That court read § 3624(c)(4) as granting the BOP the authority to consider an inmate who has completed RDAP for placement on immediate home confinement.  *Toole* only held that the BOP had the *authority* to do so, and the relief granted in that case was to order the BOP to *consider* whether to place Toole on immediate home confinement. The court did not require that Toole be placed on immediate home confinement. The record here reflects that the BOP has considered Walker for pre-release placement and has rendered a decision on that point.  In the context of a suit like Walker's, the relief which may be granted is an order directing the BOP to perform the individualized consideration required by federal law, and not an order directing that the prisoner be placed in an RRC. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007); *Brown v. Rios*, 2009 WL 5030768, * 8 (D. Minn. Dec. 14, 2009) ("All that the Petitioner is entitled to, under [18 U.S.C. § 3624(c) ] is an individualized evaluation of the appropriate RRC placement . . . in light of the specific factors outlined in Title 18 U.S.C. §

---

[1]As mentioned, in reaching its conclusion, the court in *Toole* relied upon the portion of § 3624(c)(4) which states "[n]othing in this subsection shall be construed to limit or restrict the authority of the Director of Bureau of Prisons under section 3621."  Construing this language very broadly, the court found that it allowed the BOP to consider Toole for immediate placement on home confinement, despite the fact that the explicit language of § 3624(c)(2) only permits placement of an inmate "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Other courts have interpreted the language of § 3624(c)(4) more narrowly, finding only that it reserves to the BOP the discretion during the pre-release period to place an inmate in the particular facility it finds appropriate—not that it trumps the time limits for RRC or home confinement placement specifically set out in (c)(1) and (2).  *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 469 (10th Cir. 1992), *cert. denied*, 510 U.S. 830 (1993) ("[n]othing in § 3624(c) indicates any intention to encroach upon the [BOP's] authority to decide where the prisoner may be confined during the pre-release period"). The holding in *Toole* would render the language in 18 U.S.C. § 3624(c)(1) and (2) as surplusage.  *Toole* is an outlier and, in this Court's opinion, reads § 3624(c)(4) incorrectly.

3621(b).”); *Safa v. Phillips*, 2008 WL 2275409, *1 (N.D. W.Va. June 2, 2008) (“Inmates are not entitled to six months CCC placement, rather they are entitled to have their placement considered in accordance with the five factors enumerated in 18 U.S.C. § 3621(b).”).

As noted, the record reflects that the BOP has already fully considered Walker's placement in an RRC and determined that such placement is proper, with twelve months as the appropriate amount of time there.  Unlike in *Toole*, Walker asks the Court to review the BOP's discretionary decision of the length of his placement in RRC. A prisoner's placement in any particular facility is a matter solely within the BOP's discretionary authority. *See Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *see also Stewart v. Daniels*, Civil No. 1:13-184, 2014 WL 4949884, *1 (E.D. Tex. Sept. 30, 2014) (“The duration of RRC placement is a matter to which the [Bureau of Prisons] retains discretionary authority.”) (citation omitted).

Additionally, Walker's claim that he is entitled to more than twelve months of RRC or home confinement is inconsistent with the relevant statute and BOP policy. The Second Chance Act amended 18 U.S.C. § 3624(c) to “authorize[ ] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment.” *See Montes v. Sanders*, No. CV 07–7284–CJC (MLG), 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008). Title 18 U.S.C. § 3624(c)(1) states, in relevant part:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). Subsection (c)(2) allows the BOP to consider placing a federal inmate “. . . in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or

6 months." There is no statutory basis for the BOP to grant an inmate pre-release placement for more than twelve months. Before and after passage of the SCA, courts have repeatedly rejected arguments that the statute entitled inmates to any particular amount of time in an RRC, as that decision is left to the discretion of the BOP. *See e.g., Zamarripa v. Peterson*, 105 Fed. Apex. 253, 254 (10th Cir. 2004) (unpublished); *see Henderson v. Davis*, 2010 WL 4627802, *3 n.3 (D. Colo. Nov. 8, 2010) (unpublished).

It is also well established that prisoners have no constitutional right to be assigned to a particular institution, facility, or rehabilitative program. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 244–46 (1983); *Meachum v. Fano*, 427 U.S. 215, 228 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Federal prison officials possess "full discretion" "to control [] conditions of confinement," including prisoner classification and eligibility for rehabilitative programs. *Moody,* 429 U.S. at 88 n.9.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Petitioner Gregory Martin Walker's Petition for Writ of Habeas Corpus filed on April 12, 2016 (Dkt. No. 1).

### V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar

that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE